IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH JOE MAY; MARY ANN MAY;
STEVE SNOWDEN; and CINDY SNOWDEN                PLAINTIFFS

v.                      No. 4:13-cv-494-DPM

BHP BILLITON PETROLEUM (Fayetteville) LLC        DEFENDANT

ORDER

**1.** At the parties' request, the Court entered a Protective Order and Amended Protective Order, № 38 & 48, to protect certain business-related information. Many filings have been made under seal because they included, or referred to, this kind of information. In reviewing the record when deciding the parties' summary judgment motions, the Court didn't see anything that seemed particularly confidential or sensitive. So the Court noted this impression, and asked BHP to explain what the Court had overlooked with specifics. № 120 at 18. BHP now agrees that much of the record can be unsealed, but asks the Court to keep some things under wraps and to redact one sentence from the Court's recent comprehensive Order. The Mays and the Snowdens respond that everything should be unsealed.

**2.** Two preliminary points. First, the Court directs the Clerk to unseal № *59, 66, 94, 95, 96, 97, 98, 104, 106, 109, 111, 112, & 113*. BHP has acquiesced on these materials. Second, BHP's embedded request to redact the sentence from the Court's Order is denied. The projected date is too distant, and too fluid, for it's disclosure to make any real difference in the business world.

**3.** BHP has made a sufficient case that some of the business-related information should not be public. This Court's business should, with important exceptions, be done in public. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). But one of the law's exceptions is that no unnecessary harm should come to a litigant from disclosure of what would otherwise be private. As to BHP, this principle protects how the company makes its business decisions. The Mays and the Snowdens are correct: some of the record on this score is generic. Some, though, is specific, and some of it — for example, the material about other plays — isn't relevant to this case, but could be useful to BHP's competitors. *№ 69-16 at 83-87* (deposition pagination). The Court also weighs in the balance that the parties proceeded under the Protective Orders, which presumptively shielded almost everything.

**4.** BHP is the one seeking confidentiality, so it must do the necessary work. Where practicable, redaction is better than sealing. FED. R. CIV. P. 5.2(d). Redaction isn't do-able for № 60-5, 60-17, 60(a)-17, 70-6, 70-20, 70-21, 70-22, 70-24, 70-38, 73-3 & 73-4. They'll remain under seal. BHP's chart, № 122 at 3–9, is careful and helpful. Using the specific pages identified in its chart, BHP must supply the Clerk with redacted versions of № 60, 60-27, 60(a), 60(a)-27, 67, 68, 69, 70-16, 70-25, 70-32, 70-33, 74, 77-1, 77-3, 78, 80, 81, 85, 86, 87-1, 88, 89, 93 & 110. These will be filed on the public docket, and linked to the companion sealed filing, which will stay under seal.

**5.** The Clerk shall unseal the documents listed at page 2, *supra*, of this Order now. All the documents listed on this page shall remain under seal. BHP should provide the redacted versions of some of these sealed documents to the Clerk by 4 January 2016.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 November 2015