IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENNETH JOE MAY; MARY ANN MAY;
STEVE SNOWDEN; and CINDY SNOWDEN                    PLAINTIFFS

v.                    No. 4:13-cv-494-DPM

BHP BILLITON PETROLEUM
(FAYETTEVILLE), LLC                                  DEFENDANT

ORDER

1. After three years of hard-fought litigation, the jury found for BHP, concluding that the company had not violated its implied covenant to reasonably develop the natural gas beneath the Mays' and the Snowdens' land. The Court entered judgment on the verdict. BHP now seeks a reasonable attorney's fee under Ark. Code Ann. § 16-22-308, some out-of-pocket expenses, and Rule 54(d) costs. The Court awards no fees or expenses but assesses most of the requested costs. Here's why.

2. **Attorney's fees.** The Court starts with the big ticket: BHP seeks approximately $800,000 in fees. In their leases, the parties didn't cover whether attorney's fees would be awarded if a dispute went to court. The issue is thus embraced by Ark. Code Ann. § 16-22-308. As the prevailing

party, BHP "may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." The statute's full text is in the margin.[*]

As the leading precedent holds, this statute "is permissive and discretional with the trial court." *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718 (1990). The Arkansas Supreme Court, the Arkansas Court of Appeals, and the Eighth Circuit have each recognized repeatedly that the statute does not mandate fees for the winner in every contract case. There are two decision points: whether to award attorney's fees; and, if so, how much. *E.g., Asbury Automotive Used Car Center v. Brosh*, 2009 Ark. 111 at *4, 314 S.W.3d 275, 277; *Jones v. Abraham*, 67 Ark. App. 304, 316, 999 S.W.2d 698, 705–706 (1999); *Angelo Iafrate Construction, LLC, v. Potashnick Construction, Inc.*, 370 F.3d 715, 722–23 (8th Cir. 2004). "The operative word in this statute is 'may.'" *Marcum v. Wengert*, 344 Ark. 153, 164, 40 S.W.3d 230, 237 (2001).

---

[*] "In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." ARK. CODE ANN. § 16-22-308.

This Court must exercise what the cases describe as its broad discretion, plus explain its thinking. The no-fee reversals instanced by BHP turn on explanation problems: In *Harrill & Sutter*, there was none; in *Thompson*, there was an internal inconsistency in the Court's rulings; and in *Knesek*, the Court's ruling was inscrutable. *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, at *18, 378 S.W.3d 135, 145–46; *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 516–17 (8th Cir. 2006); *Knesek v. Cameron Hubbs Construction, Inc.*, 2013 Ark. App. 380, at *4–*5. The *Chrisco* factors—a non-exclusive list, not a "fixed formula"—are most helpful in evaluating the second issue: if a fee should flow, how much should it be? 304 Ark. at 229, 800 S.W.2d at 718. The factors don't really illuminate whether fees should be awarded. On that, the Court must fall back on its discretion informed by all the material circumstances.

Some important preliminary observations. First, as the Court said at the end of the trial, all counsel on both sides of the v. acted with excellence, honor, and collegiality. Second, the Court agrees with BHP that this case, especially before the class issues were decided in the company's favor, posed a grave risk. Third, as the Court instructed the jury, all parties stand equal before the law and are entitled to justice under the law, whether they're local

land owners like the Mays and the Snowdens, or an international mining company like BHP. Fourth, the Court commends BHP for seeking only approximately one-half of what the company spent to win. This choice has avoided the thicket of particulars often involved in this kind of dispute. Fifth, the blended hourly rates are reasonable for wrestling with the complex, and often novel, issues presented. Sixth, if the Court were going to award fees, then BHP's submissions — combined with the Court's three years' experience working with these counsel on their clients' dispute — provide plenty of information to do so. But, in this Court's judgment, BHP is not entitled to recover its attorney's fees.

First, the Mays' and Snowdens' claims had some merit and were pursued in good faith. BHP prevailed, of course, and the Court is not saying that the jury made a mistake. Like in *Jones*, though, the party with the burden of proof faced a high factual hill. 67 Ark. App. at 316–17, 999 S.W.2d at 705–06. There, most all the witnesses were dead; here, the natural gas market tanked after suit was filed. The proof demonstrated sparse direct consideration by BHP of the lessors' interests. *Compare Ezzell v. Oil Associates, Inc.*, 180 Ark. 802, 807–08, 22 S.W.2d 1015, 1018 (1930). If the price of natural

gas had not dropped so far during the pendency of this case, the verdict could well have gone the other way.

Second, BHP's argument that Ark. Code Ann. § 16-22-308's driving purpose is to restore the status quo *ante* is powerful, but proves too much. The statute would say "must" or "shall" if this was the whole story. There's a winner who has incurred some attorney's fees in every contract case. Making that winner whole is one consideration, but not always the primary consideration.

Third, the Court agrees with plaintiffs' assessment that BHP seeks this fee award primarily *in terrorem*. The $200,000-plus these plaintiffs are already out of pocket for their own litigation expenses, however, is a sufficient deterrent against future lawsuits. № 215 at 3.

Last, the parties' financial situations counsel against awarding the requested fee. It would be both too simple and unfair to say that the big company, solely because it's a big company, loses. Instead, the Court is duty bound to consider the practical effect on both sides of awarding or denying fees. The trial testimony and post-trial submissions give the Court a working understanding of the parties' finances. One of my colleagues faced analogous

circumstances on a costs issue: The loser had modest means, while the winner was stout financially. *Roeben v. BG Excelsior Limited Partnership*, 2008 WL 340486 at *1 (E.D. Ark. 5 February 2008). Brother Holmes looked to a sound opinion from the Eastern District of New York, which bears quotation. "[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible [award of attorney's fees] as a sword of Damocles and so prevent a good faith [claim]." *Boas Box Company v. Proper Folding Box Corporation*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971). Arkansas law gives this Court discretion to weigh the parties' relative financial circumstances — along with all other material things — in the balance. And those circumstances go against shifting attorney's fees in this case.

**3. Other expenses.** The basis for awarding other case-related expenses is that they're usually billed separately by lawyers. So these charges are part of a reasonable fee. *E.g., Hernandez v. Bridgestone Americas Tire Operations, LLC*, ___ F.3d ___, 2016 WL 4136959 at *7 (8th Cir. 4 August 2016) (*per curiam*); *Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996) (*per curiam*). Here, the legal premise — a fee award — is absent. The Court therefore declines to assess these expenses.

**4. Costs.** BHP won. "[T]axation of costs is a normal incident of defeat." *Poe v. John Deere Company*, 695 F.2d 1103, 1108 (8th Cir. 1982) (quotation omitted). The law presumes that BHP is entitled to costs as defined by the Rule and 28 U.S.C. § 1920. Nothing of record overcomes that presumption. The initial lack of documentation and verification was promptly cured without any resulting prejudice. It's true that BHP fixed things on reply, but costs are matters of settled law and undisputed facts about expenses actually incurred. In the circumstances, the Court will consider the company's request on the merits. The Court taxes $14,075.31 in costs. The witness fees for Goudge and Cearly are denied. They're employed by BHP, which was responsible for ensuring their appearance. The Court awards the $200 requested for McGowan; to be effective, BHP's expert needed to be at trial from day one. The $85.40 in postage is denied because it's not allowed by § 1920. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006).

\* \* \*

Bill of costs, № 200, mostly approved and partly declined. The Court directs the Clerk to tax costs of $14,075.31 for BHP against the Mays and the

Snowdens, jointly and severally. Motions for attorney's fees and other expenses, № 201 & 203, denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 August 2016